J-S14001-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JENNIFER L. LACER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES P. SELB | : | |
| | : | |
| | : | No. 48 WDA 2022 |
| APPEAL OF: ROBERT SELB AND | : | |
| CHUDI M. SELB | : | |

Appeal from the Order Entered December 8, 2021
In the Court of Common Pleas of Erie County Civil Division at No(s):
13299-2015

BEFORE:   McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED:  June 14, 2022**

Robert Selb and Chudi M. Selb ("Grandparents") appeal from the order granting the preliminary objections filed by Jennifer Lacer ("Mother") to Grandparents' petition to intervene in the custody action. Grandparents maintain the court erred in finding they lacked standing under 23 Pa.C.S.A. § 5325(2). We affirm.

Mother filed a custody complaint against J.B. ("Father") in 2015. In December 2020, the court ordered that Mother "shall be entitled to make health, schooling, and other major decisions on behalf of" O.L., born August 2013, ("Child"). Custody Order, filed Dec. 4, 2020. It further ordered that Father "shall be entitled to information concerning the child's well-being and

_____

[*] Retired Senior Judge assigned to the Superior Court.

mother shall keep the father informed of the child's health, progress in school, and general welfare" and "is entitled to receive directly from schools, health care providers, or other relevant sources, information concerning the child," but he could not "communicat[e] with the child directly or indirectly through school online platforms or through school or healthcare personnel." *Id.* Father was "granted access to online school platforms so long as [he did] not communicate directly with the child, and so long as the child remain[ed] unaware of father's online presence." *Id.* The order further provided that "[w]hile the Final Protection from Abuse [("PFA")] Order remains in place, the child shall reside with the mother, and the mother shall have sole physical custody of the child." *Id.* The PFA order is in place until May 2023.

In August 2021, Grandparents filed a petition to intervene pursuant to 23 Pa.C.S.A. § 5325(2). Grandparents alleged they were the paternal grandparents of Child. They alleged that in 2017, Father had been granted additional custody time and exercised partial custody for a three-night block each week. Starting in 2017, Grandparents, who live approximately six hours from Child, had at least 17 visits with Child. However, since the grant of a temporary PFA in March 2020, Grandparents have not had contact with Child. Grandparents allege Father is not able to continue to facilitate their relationship with Child, but that Father desires that Grandparents speak to and see Child while Mother has sole custody.

Mother filed preliminary objections, including a preliminary objection alleging Grandparents lacked standing. She alleged that Father "is estopped

from asserting, advocating, and/or participating in any decision about the best interests of . . . [C]hild, including whether or not it would be in [C]hild's best interest for the paternal grandparents to have custody." Preliminary Objections to Petition to Intervene, filed Oct. 1, 2021, at ¶ 2a. She argues that under Section 5325(2)(ii), the parents' disagreement must be in the present tense, and currently Father "can have no input as to the best interests of [C]hild." *Id.*

The trial court held a hearing on the objections, and the parties filed briefs. In December 2021, the trial court sustained Mother's objection to Grandparents' standing, reasoning Father's current custody rights did not allow for disagreement:

> [Grandparents] move for intervention on the basis of 23 Pa.C.S.A. §5325(2). An essential element to grandparent standing pursuant to Section 5325(2) is that the parents of the subject child "do not agree as to whether the grandparents or great-grandparents should have custody." 23 Pa.C.S.A. § 5325(2)(ii). The Superior Court of Pennsylvania recently held that the Child Custody Law does not extend standing to grandparents under Section 5325(2) when the predicate disagreement does not currently exist. *See E.A. v. E.C.*, 259 A.3d 497, 504-505 (Pa.Super. 2021) (denying standing to grandparents when the at-issue child's father died as the father's death eliminated the father's ability to either assent or oppose the mother's decisions regarding grandparent custody). The record is clear that the present state of [Father's] rights with regard to the Child will not allow a current disagreement between the Child's parents regarding whether [Grandparents] should have custody. Specifically, [Grandparents] admit that Father has no custodial rights to the Child and, due to a PFA Order entered following a finding of abuse against Father and prohibiting Father's contact with the Child for three years, he lacks the ability to facilitate the Child's relationship with

[Grandparents]. [Grandparents] further admit that [Mother] retained sole physical and legal custody of the Child pursuant to a December 4, 2020 Custody Order made in relation to the PFA Order and a July 22, 2020 Founded Report of Abuse by Child Protective Services. While [Grandparents] are correct that the terms of the Custody Order govern the parents' custodial rights, not the grandparents' rights, the impact of the Order eliminated Father's decision-making authority regarding the Child. Accordingly, as in *E.A. v. E.C.*, only the opinion of one parent is at issue, rendering it impossible for [Grandparents] to satisfy a necessary element for standing pursuant to the sole section under which they intend to proceed.

Order, filed Dec. 8, 2021. The court dismissed the petition to intervene.

Grandparents filed an appeal.

Grandparents raise the following issue:

Whether the [t]rial [c]ourt committed an error of law and/or abused its discretion in sustaining [Mother's] second preliminary objection, pursuant to Pa.R.C.P. 1028(a)(5), and dismissing [Grandparent's] Petition to Intervene, where it found that where []Mother maintains sole physical and legal custody of [C]hild, that the state of []Father's rights will not allow a current disagreement between [C]hild's parents regarding whether [Grandparents] should have custody pursuant to 23 Pa.C.S. § 5325(2).

Grandparents' Br. at 5.

Grandparents argue that the trial court's "interpretation of Section 5325(2)(ii) was in error as it interjects a new meaning into a clear and unambiguous statute." Grandparents' Br. at 13. They claim that Section 5325(2)(ii) requires the parents to currently disagree; it "does not require parents with shared legal custody to disagree." *Id.* They argue that if the General Assembly had intended to add a requirement of shared legal custody,

it would have done so. Grandparents note that this Court has interpreted the term "parent" to include "biological and adoptive parents," and Section 5325 "does not restrict the term 'parent' any further." *Id.* at 17. They claim the facts of the instant case, "where one parent lacks the custodial rights to be able to facilitate a relationship between the child and the grandparents, would be an example of a situation Section 5325(2) is meant to address." *Id.*

The issue Grandparents raise "involves statutory interpretation, which is a question of law, and our review is plenary and non-deferential." ***A.S. v. Pa. State Police***, 143 A.3d 896, 903 (Pa. 2016). "[T]he Statutory Construction Act directs courts to ascertain and effectuate the intent of the General Assembly." *Id.* "The statute's plain language generally provides the best indication of legislative intent." *Id.* (citation omitted). Further, "[w]hen interpreting a statute, courts should read the sections of a statute together and construe them to give effect to all of the statute's provisions." ***Roethlein v. Portnoff Law Assoc., Ltd.***, 81 A.3d 816, 822 (Pa. 2013) (citing 1 Pa.C.S.A. § 1921(a)). "In giving effect to the words of the legislature, we should not interpret statutory words in isolation, but must read them with reference to the context in which they appear." *Id.*

The Child Custody Act[1] defines "[l]egal custody" as "[t]he right to make major decisions on behalf of the child, including, but not limited to, medical, religious and educational decisions." 23 Pa.C.S.A. § 5322. It defines "[s]ole

---

[1] 23 Pa.C.S.A. § 5321, *et al.*

legal custody" as "[t]he right of one individual to exclusive legal custody of the child." *Id.*

The Act further provides paths for grandparents to have standing to seek partial physical and supervised physical custody of a grandchild. One such path provides that grandparents have standing where they have a relationship with the child that began with the consent of a parent, the parents have commenced a custody proceeding, and the parents "do not agree as to whether the grandparents . . . should have custody under this section":

> In addition to situations set forth in section 5324 (relating to standing for any form of physical custody or legal custody), grandparents and great-grandparents may file an action under this chapter for partial physical custody or supervised physical custody in the following situations:
>
> . . .
>
> (2) where the relationship with the child began either with the consent of a parent of the child or under a court order and where the parents of the child:
>
> > (i) have commenced a proceeding for custody; and
> >
> > (ii) do not agree as to whether the grandparents or great-grandparents should have custody under this section[.]

23 Pa.C.S.A. § 5325(2).

In *E.A. v. E.C.*, 259 A.3d 497, 504 (Pa.Super. 2021), this Court concluded that the requirement that the parents "do not agree" was in the present tense, requiring a current disagreement, noting the words "do not make an exception to consider past disagreements." We concluded that "regardless of any prior disagreements between parents about a

grandparent's ability to exercise partial custody, the Child Custody Law does not extend standing to grandparents to file for partial physical custody under this section when the predicate disagreement no longer exists." *Id.*

Here, when construing the Act, and giving effect to all of its provisions, it is clear that where a parent has sole legal custody, such that they have the sole right to make "major decisions on behalf of the child,"[2] there can be no current disagreement between the parents about whether grandparents should have custody under the Act. Therefore, the trial court did not err in finding Grandparents lacked standing under Section 5325(2). We note that, as we have stated in prior cases, the concept of standing in child custody cases is "fluid" and can be re-evaluated if factual changes in circumstances occur. *E.A.*, 259 A.3d at 501; *M.W. v. S.T.*, 196 A.3d 1065, 1071 (Pa.Super. 2018).

Order affirmed.

---

[2] The Pennsylvania Supreme Court has concluded that "Section 5325 burdens the right of parents to make decisions concerning the care, custody and control of their children" and "that such right is a fundamental one[.]" *See, e.g., D.P. v. G.J.P.*, 146 A.3d 204, 210 (Pa. 2016).

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/14/2022</u>